IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 31 2018
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| **JAMES WHITE** | **PLAINTIFF** |
| V. | CIVIL ACTION NO. 2:18cv158-KS-MTP |
| **SHERIFF LESSIE BUTLER IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, LAWRENCE COUNTY, MISSISSIPPI d/b/a LAWRENCE COUNTY SHERIFF'S DEPARTMENT** | **DEFENDANT** |

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW THE PLAINTIFF**, James White, and files this action to recover damages for violations of his rights under the Fair Labor Standards Act (FLSA) against the Defendants, Sheriff Lessie Butler, in his official and individual capacities, and Lawrence County, Mississippi, d/b/a Lawrence County Sheriff's Department. In support of this cause, the Plaintiff will show unto the court the following facts, to wit:

### Parties

1. The Plaintiff, James White, is an adult resident citizen of Washington County, Mississippi, residing at 3760 International Road, Sontag, Mississippi.

2. The first Defendant is the sheriff of Lawrence County, Mississippi, and may be served at 1565 F. E. Sellers Highway, Monticello, Mississippi.

3. The second Defendant is the Lawrence County, Mississippi, a political subdivision of the State of Mississippi, doing business as the Lawrence County Sheriff's Department, and may be served via the Lawrence County Chancery

Clerk acting as Clerk to the Lawrence County Board of Supervisors, at 517 E. Broad St., Monticello, Mississippi.

### Jurisdiction and Venue

4. This Court has Federal Question Jurisdiction, and Venue is proper, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### Statement of the Facts

5. Plaintiff was employed in a full-time capacity as a Lawrence County Sheriff's Deputy from about early November of 2016 until about May of 2018.

6. Plaintiff was employed as a deputy sheriff, having law enforcement duties which met the description of an employee "...in law enforcement activities," pursuant to 29 C.F.R. § 553.211(a) of the FLSA.

7. Plaintiff frequently worked over forty (40) hours per week.

8. At all times relevant the Lawrence County Sheriff's Department operated as part of a political subdivision of the State of Mississippi, making it an entity engaged in interstate commerce under 29 U.S.C. § 203(s)(1)(C).

9. Plaintiff was not of professional staff or an advisor to any elected official or in any other manner exempt from the provisions of the FLSA.

10. Defendants employed over five (5) personnel as law enforcement officers with respect to 29 U.S.C. § 213(b)(20), thus being subject to the provisions of the FLSA.

11. Defendants did not operate under what is commonly referred to as a 7(k) exemption to the FLSA, pursuant to 29 U.S.C. § 207(k), thus Plaintiff was entitled to overtime pay for all time worked in excess of forty (40) hours per week.

12. According to records Plaintiff was provided by Lawrence County, his regular rate of pay was approximately $14.42 per hour. His overtime rate was approximately $21.63 per hour.

13. Plaintiff was not paid and is owed compensation for statutorily mandated overtime of over 400 hours.

## Cause of Action

14. As a public law enforcement agency, being part of a state political subdivision, the Defendants were required to monetarily compensate Plaintiff in accordance with 29 U.S.C. § 201, et seq, the "Fair Labor Standards Act of 1938".

15. Plaintiff worked numerous hours over forty (40) per week without just compensation as is mandated for overtime by 29 U.S.C. § 207.

16. Defendants failed to pay Plaintiff overtime as required by the FLSA.

17. Having worked hard to earn it, Plaintiff is entitled to this pay and all other remedies available under law.

## Prayer for Relief

17. WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that upon hearing of this matter, the Plaintiff be granted the following relief in an amount to be determined:

    a) Unpaid Overtime Compensation due the Plaintiff;

    b) Liquidated Damages in an Amount Equal to Unpaid Overtime Compensation;

    c) Attorney Fees;

    d) Costs and Expenses; and

    e)    Other Damages and Relief as may be deemed proper by the Court.

This the 29th day of August, 2018,

Respectfully submitted,

James White

By: *[signature]*

ATTORNEY FOR PLAINTIFF:
Francis S. Springer
MS Bar# 103974
Springer Law Office, PLLC
213 S. Lamar Street
Jackson, MS 39215
PO Box 1280
Madison, MS 39130-1280
Office: 601-605-5004
Fax: 877-605-5004
E-mail: springerlawoffice@gmail.com